# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRIS JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-2664-JTM-DWB |
| | ) |
| DENNIS K. ROBERTS, individually; and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY of the COUNTY OF MIAMI; and FRANK W. KELLY, SHERIFF OF MIAMI, COUNTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Protective Order and/or Motion for a Stay of Discovery (Doc. 25); Plaintiff's Response (Doc. 28); and Defendants' Reply (Doc. 30.) After a careful review of the submissions of the parties, the Court is prepared to rule.

### BACKGROUND

Plaintiff filed the present action alleging that on December 3, 2009, while he was incarcerated in the Miami County jail, he was attacked in his cell by a sheriff's deputy, defendant Dennis K. Roberts. (Doc. 1, at ¶¶ 8-10.) Plaintiff also alleges that another deputy, apparently Wesley McClain, stood by during the incident and

watched it all happen, although that person is not a named defendant in this case. (Doc. 28 at 2, ¶ 3.) Defendants filed the present motion for a protective order and/or a stay of discovery regarding the two individual defendants (Roberts and Kelly) pending a ruling on their claim of qualified immunity. Defendants have now filed their Motion for Summary Judgment and supporting memorandum claiming qualified immunity. (Doc. 35, 36.) Plaintiff has obtained an extension of time to respond to that motion until May 13, 2010. (Doc. 41.) Plaintiff has also served an amended deposition notice seeking to take the depositions of Defendant Roberts and Wesley McClain on June 28, 2010. (Doc. 39.)

In responding to Defendants' motion, Plaintiff briefly outlines the facts of the case, states that the assault was obvious from a videotape taken of the attack, and "suggests that counsel meet with the Court and present the videotape to the Court and plaintiff believes that will make the decision an easy one." (Doc. 28 at 2, ¶ 5.) This response appears to address the viability of the qualified immunity defense rather than dealing with issues concerning the requested stay of discovery pending a decision concerning qualified immunity. In their reply, Defendants note that any motion for summary judgment will include the videotape of the incident (Doc. 30, at 1), and in fact, two videotapes have now been filed conventionally in support of the motion for summary judgment. (Doc. 38, 39.)

## DISCUSSION

Judge Reid previously discussed the policy in this District for staying discovery in *Wolf v. United States*, acknowledging that the general policy is not to stay discovery even though dispositive motions are pending. 157 F.R.D. 494, 495 (D. Kan. 1994). Judge Reid also recognized, however, that there are exceptions to this general rule, holding:

> it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Id. See also*, **Kutilek v. Gannon,** 132 F.R.D. 296, 297-98 (D. Kan. 1990); **Howse v. Atkinson**, No. 04-2341-GTV-DJW, 2005 WL 994572, at *1 (D.Kan. April 27, 2005). In other words, "[a]lthough a stay of discovery is generally disfavored in this district, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c)." **Smith-Bey v. Reid**, No. 08-cv-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec. 11, 2008) (citing **String Cheese Incident, LLC v. Stylus Shows, Inc.**, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006)).

In this case, the Court must also take into account the special considerations afforded to cases in which the defense of qualified immunity is raised. The Supreme Court has long recognized that "public officers require [qualified immunity] protection to shield them from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Such immunity is required to protect public officials and the public generally from the expenses of litigation, the diversion of official energy from public issues, the deterrence of qualified citizens from acceptance of public office, and the social cost that fear of being sued will have a chilling effect on officials from exercising their official duties with ardor. *Id.* at 814.

Recognizing that the high costs of litigation may cause these harms to occur – even where a favorable verdict for the public official is rendered – the *Harlow* Court stated that, until the threshold question of immunity is resolved, discovery should not be allowed. *Id.* at 818; *see also* ***Dahl v. City of Overland Park***, No. 02-2036-JAR, 2002 WL 1634805, at *1 (D. Kan. July 8, 2002) ("Generally speaking, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings"). Another court in

this circuit has summarized these concerns about discovery while dispositive motions are pending:

> The Supreme Court has emphasized the broad protection absolute and qualified immunity afford, giving officials 'a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'' ***Behrens v. Pelletier***, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (quoting ***Mitchell v. Forsyth***, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)); *see also* ***Crawford-El v. Britton***, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). As such, courts should resolve the purely legal question raised by an immunity defense at the earliest possible stage in litigation. ***Albright v. Rodriguez***, 51 F.3d 1531, 1534 (10th Cir.1995); ***Medina v. Cram***, 252 F.3d 1124, 1127-28 (10th Cir.2001).
>
> \* \* \* \*
>
> There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but this interest is offset by Defendants' burden. Here, Defendants have filed a Motion to Dismiss the claims against them, in part, on the grounds of qualified immunity. Courts have routinely held that discovery should be stayed while issues of immunity are being resolved. *See generally* ***Siegert v. Gilley***, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); ***Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); ***Weise v. Caspar***, 507 F.3d 1260, 1263-64 (10th Cir.2007); ***Workman v. Jordan***, 958 F.2d 332, 336 (10th Cir.1992); *see also* ***Behrens v. Pelletier***, 516 U.S. 299, 308 & 310, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff of a stay is

> outweighed by the burden on Defendants resulting from
> conducting and responding to discovery while the Motion
> to Dismiss is pending.

*Smith-Bey v. Reid*, No. 08-cv-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec.11, 2008).

In this case, Plaintiff has failed to identify any discovery which he contends is necessary for him to respond to the pending motion for summary judgment concerning qualified immunity. In fact, he claims that all the evidence the district court needs to assess qualified immunity is to view the videotapes which are exhibits to the motion for summary judgment.[1] Based on the foregoing, the Court finds that Defendants should not be subjected to the burden and expense of discovery until the district court has resolved the pending motion for summary judgment. Defendants' Motion for Protective Order and/or Motion for a Stay of Discovery (Doc. 25) is, therefore, **GRANTED.**

**IT IS FURTHER ORDERED** that the noticed depositions of Roberts and McClain (Doc. 39) shall not proceed until the district court has ruled on the pending motion for summary judgment.

---

[1] Plaintiff has also impliedly acknowledged that the depositions of the two individuals who were present during the attack are not necessary in order for Plaintiff to respond to the motion for summary judgment since he has not noticed those depositions until June 28, 2010 -- long after his extended May 13, 2010 deadline for responding to the motion for summary judgment.

**IT IS FURTHER ORDERED** that the telephone status conference set for Thursday, May 6, 2010 at 3:00 p.m., is **CANCELED.** After the district court rules on Defendants' pending Motion for Summary Judgment (Doc. 35), the court will set another scheduling and/or status conference if necessary.

Dated at Wichita, Kansas, on this 4th day of May, 2010.

S/ DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge